United States Courts
Southern District of Texas
FILED

NOV 07 2014

David J. Bradley, Clerk of Court

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 13-37041 |
| | § | |
| MARK THUESEN | § | CHAPTER 13 |
| | § | |
| DEBTOR | § | CONTESTED MATTER |

---

**DEBTOR'S OBJECTION TO AND RECONSIDERATION OF THE ALLOWANCE OF CLAIM NO. 9 OF AMERISURE INSURANCE COMPANY AND RULE 9011 SANCTIONS**

---

**THIS IS AN OBJECTION TO YOUR CLAIM. THE OBJECTING PARTY IS ASKING THE COURT TO DISALLOW THE CLAIM THAT YOU FILED IN THIS BANKRUPTCY CASE. YOU SHOULD IMMEDIATELY CONTACT THE OBJECTING PARTY TO RESOLVE THE DISPUTE. IF YOU DO NOT REACH AN AGREEMENT YOU MUST FILE A RESPONSE TO THIS OBJECTION AND SEND A COPY OF YOUR RESPONSE TO THE OBJECTING PARTY WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE OBJECTION IS NOT VALID. IF YOU DO NOT FILE A RESPONSE WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED.**

**A HEARING HAS BEEN SET ON THIS MATTER ON DECEMBER 18, 2014 AT 2:00 PM IN COURTROOM #403, AT THE UNITED STATES COURTHOUSE, 515 RUSK AVENUE, HOUSTON, TEXAS 77002.**

**To the Honorable Karen K. Brown, United States Bankruptcy Judge:**

COMES NOW Mark Thuesen, ("Debtor") herein, and files this Objection to Claim No. 9 ("Claim") of Amerisure Insurance Company, ("Claimant") herein, and would show the Court the following:

**A. THE COURT SHOULD DISALLOW CLAIM NO. 2**

**BECAUSE THE CLAIM IS FRAUDULENT**

1. Debtor filed this Chapter 13 bankruptcy case on November 13, 2013.

2. On March 18, 2014, Claimant filed Proof of Claim No. 9, the "Claim" herein, in the amount of $50,000.00 as an unsecured claim with no priority. A copy of the Claim as filed is attached hereto as Exhibit "A".

3. On June 26, 2014, an Order was signed allowing Debtor's legal counsel to withdraw, leaving Debtor to prosecute his Chapter 13 filing as *pro se* [Docket No. 75, related to Docket No. 55]. Debtor had discussed the fraudulent proof of claim filed by Claimant with his attorney and was told that a claim objection would be filed. Without legal counsel, Debtor assumed the Trustee would file the claim objection against Claimant. Debtor received the Trustee's "Notice of Trustee's Intent to Pay Claims" a few weeks after it was filed on September 16, 2014 [Docket No. 80]. After reviewing the "Notice of Trustee's Intent to Pay Claims," Debtor was surprised to discover that Claimant's Claim was listed as allowed. Debtor contacted the Trustee's office, and Debtor was told that the Debtor must file the claim objection, and to figure it out on his own, thus the delay for filing a claim objection. Pursuant to 11 U.S.C. § 1302(b)(1) "The trustee shall perform the duties specified in sections...11 U.S.C. § 704(a)(5)," "the trustee shall if a purpose would be served, examine proofs of claims and object to the allowance of any claim that is improper." The trustee, Ken Thomas of Willliam Heitcamp's office, refused and failed to fulfill his statutory duty to object to Claims that fail to meet the requirements of Fed. R. Bankr. P. 3001.

4. Pursuant to Local Rule 3021-1(c), ("Nothing in this rule precludes the reconsideration of the allowance of a claim pursuant to § 502(j) of the Bankruptcy Code"). Under 11 U.S.C. §502(j), ("A claim that has been allowed or disallowed may be reconsidered for cause.") Debtor's objection to the Claim "is not barred due to untimeliness," *see In re Ruth*, 473 B.R. 161 (Bankr.

S.D.Tex.2012) (§ 502(j) does not place time restrictions on requests for the reconsideration of claims.) ([I]f the parties have not litigated the merits of the proof of claim, Rule 60 is inapplicable and the bankruptcy court has wide discretion pursuant to § 502(j) to determine whether "cause" exists for reconsidering the allowance of a claim.).

5. The merits of the Claim have NOT in fact been previously litigated.

6. Debtor has standing to assert the instant claim objection. Section 502(a) of the Bankruptcy Code provides that a properly filed claim is allowed, unless a party in interest objects. The term "party in interest" is not defined in the Bankruptcy Code. The term party in interest means anyone who has a legally protected interest that could be affected by the bankruptcy case. *See Matter of FBN Food Services, Inc.*, 82 F.3d 1387 (7th Cir. 1996). The debtor has a pecuniary interest in the outcome of a claim objection where the estate has a potential surplus of assets that will result in a distribution to the debtor. *In re Curry*, 409 B.R. 831 (Bankr. N.D. Tex. 2009).

7. Debtor objects to the Claim for the following reasons:

   a. Under 11 U.S.C. §502(b)(1), the debt made the basis of the Claim is unenforceable against the Debtor or property of the Debtor under any agreement or applicable law. State law controls the validity of the claim. *Matter of Ford*, 967 F.2d. 1047 (5th Cir. 1992).

   b. Claimant did not provide any documentation attached to the Claim. The Claim fails to meet the requirements of Fed. R. Bankr. P. 3001. Proofs of claim that fail to comply with the Bankruptcy Rules are not prima facie valid and are therefore not deemed allowed. *See In re Gilbreath*, 395 B.R. 356, 367 (Bankr. S.D.Tex.2008) (citing *Brock v. Brock (In re Brock)*, No. 06-4228, 2008 WL 2954621, at *6 (Bankr.E.D.Tex. July 31, 2008); *In re Reyna*, No. 08-10049-CAG, 2008 WL 2961973, at *3-6 (Bankr.W.D.Tex. July 28, 2008);

*In re White*, No. 06-50247-RLJ13, 2008 WL 269897, at *3-5 (Bankr.N.D.Tex. Jan. 29, 2008).

c.  The Claimant fails to include any documentation signed by the Debtor or any documentation sufficient to support the alleged Claim. *See In re Ruth*, 473 B.R. 165 (Bankr. S.D.Tex.2012) (Holders of consumer claims, must provide "an account statement containing the debtor's name, account number, the prepetition account balance, interest rate, and a breakdown of the interest charges, finance charges and other fees that make up the balance of the debt, or attach enough monthly statements so that this information can be easily determined.").

d.  The Claimant fails to demonstrate standing to assert the Claim.  The documentation attached to the Claim fails to establish Claimant's ownership of the underlying debt. *See In re Ruth*, 473 B.R. 165 (Bankr. S.D.Tex.2012) (a claimant whose claims have been assigned must "document its ownership of the claim" and produce "a signed copy of the assignment and sufficient information to identify the original credit card account."); *In re Leverett*, 378 B.R. 793 (Bankr.E.D.Tex.2007) (an objection to a claim based upon insufficient documentation that the claimant is the current holder of the "claim is a defense that would be available to the Debtor in a suit on the claim and is, therefore, a valid basis for disallowance of a claim under § 502(b)(1) of the Bankruptcy Code.").

e.  As set forth in Debtor's declaration, attached hereto as Exhibit "B", Debtor's personal records do not reflect that Debtor owes any money to Claimant, Debtor has not entered into any written agreement with Claimant, and Debtor cannot determine when the alleged debt was incurred or if the debt was incurred by Debtor or some other person to whom Debtor is not related.

f.  Based on Debtor's information and belief, Claimant's alleged Claim does not exist, or Debtor has not signed any agreement related to the alleged Claim, or Claimant is not the holder of the alleged Claim, or that there was no balance due and owing under the alleged Claim.

g.  Debtor has made no payments or charges on the alleged Claim during the five year period preceding the petition date.  Claimant has not received any payments or charges on the alleged Claim during the five year period preceding the petition date.

h.  Claimant has NOT filed suit against Debtor in the period preceding the petition date, or at any time after the petition date.

i.  Debtor has NOT made an unequivocal acknowledgment of the justness of the existence of the alleged Claim, orally or in writing, during the five year period preceding the petition date.  Debtor has NOT signed any acknowledgment of the justness or the existence of the alleged Claim during the five year period preceding the petition date. Debtor has NOT referred to the Claim, orally or in writing, and expressed a willingness to honor the Claim during the five year period preceding the petition date.

j.  Claimant had actual knowledge that the Claim or lien was not warranted by existing law at the time it was filed.

k.  Claimant intentionally presented a fraudulent claim.

l.  Claimant had knowledge that the Claim document was a fraudulent Claim or lien against Debtor's personal property.

m.  Claimant intended that the Claim document be given the same legal effect as a court record evidencing a valid lien against Debtor's personal property.

n.  Claimant intended for Debtor to make unlawful payments on Claimant's false Claim or

lien.

o.  Claimant intended that Debtor suffer financial injury (expenses, costs, reasonable attorney's fees and the unlawful payment of a time-barred debt), mental anguish, or emotional distress in responding to Claimant's fraudulent Claim lien.

p.  Claimant presented its fraudulent Claim to harass or to or needlessly increase the cost of Debtor's litigation.

q.  Claimant's fraudulent Claim is NOT warranted by existing law.

r.  Claimant's allegations and other factual contentions do NOT have evidentiary support.

s.  Claimant is NOT a creditor of Debtor.  11 U.S.C. § 101(10)(A). The term "creditor" means "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 101(5)(A).  The term "claim" means "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured."  11 U.S.C. § 502(b)(1) "such claim is unenforceable against the debtor and property of the debtor, under any applicable law."  Claimant's Claim is false, thus the Claim is unenforceable under any applicable law, Claimant has no claim, thus Claimant is NOT a creditor of Debtor.  Bankruptcy courts determine the substance and validity of a claim by referring to applicable state law.  *See Butner v. United States*, 440 U.S. 48, 54 (1979); *Carrieri v. Jobs.com, Inc.*, 393 F.3d 508, 529 (5th Cir. 2004).  Only a creditor may file a proof of claim. 11 U.S.C. § 501(a).  Because Claimant was not a creditor, Claimant filed a fraudulent Claim.

t.  Claimant alleges the Claim against Debtor is for "estimated attorney's fees in declaratory judgment action," yet Claimant has never filed suit or presented any counterclaims

against Debtor.

    u.  Claimant has not provided any evidence of its alleged incurred attorney's fees.  Claimant has not cited any legal authority authorizing relief for its alleged attorney's fees.

    v.  Claimant has no claim for damages of any kind incurred prior to the petition date.

    w.  Claimant has failed to establish the requisite elements of contract formation.

    x.  Claimant has no written agreement with the Debtor.

    y.  Claimant has no agreement bearing the Debtor's signature.

8. For the reasons set forth above, Debtor requests that the Court disallow the Claim in its entirety, and value Claimant's Claim at zero pursuant to 11 U.S.C. § 506(a).  Debtor cannot evaluate the validity of the Claim, *see In re Ruth*, 473 B.R. 167 (Bankr. S.D.Tex.2012) (citing *Caplan v. B-Line, LLC (In re Kirkland)*, 572 F.3d 838, 841 (10th Cir.2009) (affirming the disallowance of a claim because the creditor failed to produce a single document to support its claim and failed to explain its failure to attach supporting documentation).

**B. RULE 9011 SANCTIONS**

9. Claimant's attorney certified that the Claim meets the requirements of Fed. R. Bankr. P. 9011(b) by signing the Proof of Claim B10 (Official Form 10), which specifically states on the form, "Your signature is also a certification that the claim meets the requirements of FRBP 9011(b)." FRBP 9011(c) states in part, "If...the court determines that subdivision (b) has been violated, the court may...impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation."

10. Claimant's Claim does not meet the requirements of Fed. R. Bankr. P. 9011(b).

11. Under Rule 9011, a creditor who failed to attach relevant documents could be liable for sanctions for filing a proof of claim without a proper investigation of the validity of the claim.  *In re*

*Wingerter*, 594 F.3d 931 (6th Cir.2010).  Debtor hereby gives notice to Claimant pursuant to Fed. R. Bankr. P. 9011(c), that if Claimant does not withdraw its Claim within 21 days, Debtor shall seek a motion for sanctions, or allow the Court on its own initiative to enter an order describing the specific conduct that appears to violate Fed. R. Bankr. P. 9011(b), and directing the Claimant and/or Claimant's attorney to show cause why it has not violated Fed. R. Bankr. P. 9011(b).  Debtor further requests that the Court award the Debtor reasonable and necessary attorneys' fees and costs caused by Claimant's failure to provide the required documentation set forth in Fed. R. Bankr. P. 3001.  Because this information should have been included with the original proof of claim, the cost of discovery may be shifted to the person filing the claim.  FED. R. BANKR. P. 3001(c)(2)(D)(ii).  Rule 9011 fee shifting was not mandatory for a failure to comply with Rule 3001, but the failure to comply "might be a factor in determining whether a Rule 9011(b) violation has occurred."  Claimant's Claim falls short of compliance with these requirements because it is nothing more than a bare allegation that the Debtor owes some amount of money based on "estimated attorney's fees in declaratory judgment action."

12. Debtor has been directly injured by Claimant's conduct.

## C. RELIEF REQUESTED AND BASIS THEREFORE

13. Debtor respectfully requests the Court to (1) DISALLOW Claimant's Claim, and (2) value Claimant's Claim at zero pursuant to 11 U.S.C. § 506(a), and (3) the Court on its own initiative, enter an order describing the specific conduct that appears to violate Fed. R. Bankr. P. 9011(b), and directing Claimants and Claimant's attorneys to show cause why they have not violated Fed. R. Bankr. P. 9011(b), and (4) grant Debtor reasonable attorney's fees and costs, and (5) grant such other and further relief, legal and equitable, general or special, to which Debtor may show himself to be justly entitled.

Dated:  November 11, 2014

Respectfully submitted,

Mark Thuesen, Debtor *Pro se*
P.O. Box 540365
Houston, Texas 77254
Telephone: (585) 300-5793
Email: xtraderweb@hotmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on the 11th day of November, 2014 via electronic transmission, and first class mail, to counsel for the Respondents, under FED. R. BANKR. P. 4001 and Local Rule 4001.

R. Brent Cooper
**COOPER & SCULLY, PC**
900 Jackson, Suite 100
Dallas, TX 75202
Telephone: 214-712-9500
Email for R. Brent Cooper:  brent.cooper@cooperscully.com
*Counsel for Amerisure Insurance Company*

William E. Heitkamp
Ken Thomas
**Chapter 13 Trustee**
9821 Katy Freeway, Suite 590
Houston, TX 77024
Telephone:  713-722-1200
Email for William Heitkamp:  heitkamp@ch13hou.com
Email for Ken Thomas:  ken_t@ch13hou.com

Mark Thuesen, Debtor *Pro se*

Page 9