IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MARK THUESEN, | § | CASE NO. 13-37041-H5-13 |
| | § | |
| DEBTOR(S). | § | |

**RESPONSE OPPOSED TO DEBTOR'S OBJECTION TO AND RECONSIDERATION OF THE ALLOWANCE OF CLAIM NO. 7 OF PORTFOLIO RECOVERY ASSOCIATES, LLC AND RULE 9011 SANCTIONS**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

**COMES NOW,** Portfolio Recovery Associates, LLC, successor in interest to Capital One, NA ("PRA"), by and through its servicing agent PRA Receivables Management, LLC, and files this, its Response Opposed to Debtor's Objection to and Reconsideration of the Allowance of Claim No. 7 of Portfolio Recovery Associates, LLC and Rule 9011 Sanctions filed by Mark Thuesen ("Debtor") and would respectfully show the Court as follows:

1. PRA admits the allegation contained in paragraph 1.

2. PRA denies the allegation contained in paragraph 2 and would show the court that Proof of Claim No. 7 was filed March 11, 2014.

3. PRA admits the allegation contained in paragraph 3.

4. PRA admits the allegation contained within paragraph 4 as to Docket entry 75 but is without sufficient knowledge or information to admit or deny the remaining allegations of the paragraph and therefore deny the same. Further, PRA would show that 11 U.S.C. § 704 does not apply in the present case.

5. Paragraph 5 contains recitation of law and therefore requires no response.

6. PRA admits that there has been no litigation as to Claim No. 7.

7. PRA admits that Debtor has standing to file an objection to a claim, but would show that the Debtor is held to the same standards of conduct as counsel regarding filings and writings.

8. PRA denies in part and is without sufficient information or knowledge as to admit or deny other allegations of paragraph 8, and therefore denies the same.

9. PRA denies the allegations contained in paragraph 9 as Debtor has admitted on his sworn and signed schedules, under penalty of perjury, that he is indebted to Capital One for an account ending 6830. Proof of Claim No. 7 includes an Account Summary listing the original creditor as Capital One and references an account number ending 6830. Further, if such be necessary, PRA also included as part of Proof of Claim No. 7, documentation evidencing a sale of the account from the original creditor to Portfolio Recovery Associates, LLC. Additionally, PRA included as a supplement, filed with Proof of Claim No. 7, a copy of the Capital One bill for the time period of September 28, 2013 - October 27, 2013 which evidences the account number ending 6830 and evidences a purchase made October 2, 2013 and a payment made on the account on October 16, 2013.

10. PRA denies the allegations contained in paragraph 10. A bankruptcy representative of PRA signed Proof of Claim No. 7, certifying its accuracy, not PRA's attorney. Debtor's failure to carefully review the proof of claim, even for a signature, evidences Debtor's cavalier attitude in filing documents and writings with this court that are not accurate or truthful.

11. PRA denies the allegations contained in paragraph 11. Further, PRA would show

that Debtor previously admitted the debt owed to Capital One under penalty of perjury, and that Proof of Claim No. 7 included sufficient evidence to satisfy the requirements of Federal Rule of Bankruptcy Procedures 3001(c)(3)(A) and went even further to provide evidence of the validity of its claim by including the supplement of the relevant bill from Capital One.  Therefore, if any party has ignore the requirements of Fed. R. Bank. P. 9011(b), it would be Debtor.

12. PRA denies that it is subject to sanctions under Fed. R. Bank. P. 9011.  PRA would show that its claim contains all relevant information as required by Fed. R. Bank. P. 3001(c)(3)(A). PRA would further show that Debtor has blatantly ignored the safe-harbor provision of Fed. R. Bank. P. 9011(c)(1)(A) in that the present objection is the first communication received by PRA from the Debtor concerning Proof of Claim No. 7.  Further, PRA would show that Proof of Claim No. 7 includes a noticing address, a telephone number and an email address where communications to PRA could be directed.  PRA has no information or knowledge that Debtor ever contacted or attempted to contact PRA regarding Proof of Claim No. 7 and Debtor has made no such allegation of prior communication, as required under Fed. R. Bank. P. 9011(c)(1)(A), in the present objection.

13. PRA denies the allegations contained in paragraph 13.  Further, PRA would show that it is the party that has been directly injured by Debtor's filing this objection and request for sanctions to which Debtor is not entitled. PRA has been subjected to additional work and incurred attorneys fees in response to Debtor filing an objection to a Proof of Claim on a debt which Debtor has admitted, under penalty of perjury, he owes.

14. PRA denies that the relief requested should be granted.  PRA would show that the debt reflected in Proof of Claim No. 7 is based on an open-end or revolving consumer credit

agreement, thus making the requirements for the prima facie validity of the claim subject to Fed. R. Bank. P. 3001(c)(3).  PRA would show that Proof of Claim No. 7 meets, and goes beyond, the requirements of Fed. R. Bank. P. 3001(c)(3)(A), by including the name of the entity from whom it purchased the account, the name of the entity who owned the debt on the date of the last transaction, the date of the last transaction on the account, the last four digits by which the Claim could be identified, the balance of the claim on the date the petition was filed, the date and amount of the last payment, and the charge off date.  PRA's Proof of Claim No. 7 goes beyond these requirements by including a copy of a bill on the account.

15.     Further, if such be necessary, PRA attaches as "Exhibit A" additional statements for the account ending 6830, the Bill of Sale with a Closing Date of January 27, 2014, page 168 of 182 of accounts included in the "Capital One Purchase", the signature portion of the credit application related to account ending 6830, and a check made out to Capital One from Debtor with a reference of "Open MC Account."  PRA would show the account referenced in Proof of Claim No. 7 was a MasterCard account.

**WHEREFORE, PREMISES CONSIDERED,** Portfolio Recovery Associates, LLC, successor in interest to Capital One, NA ("PRA"), by and through its servicing agent PRA Receivables Management, LLC prays for:

1.     An Order of this Court denying Debtor's Objection to and Reconsideration of the Allowance of Claim No. 7 of Portfolio Recovery Associates, LLC and Rule 9011 Sanctions;

2.     Allowance of Claim No. 7 in its entirety; and

3.     For such other and further relief, both general and specific, to which PRA may show itself justly entitled.

Respectfully submitted,

/s/ **Stephen G. Wilcox**
Stephen G. Wilcox
State Bar Number 21454300
Clare Russell
State Bar Number 24070537
WILCOX LAW, PLLC
P.O. Box 11509
Fort Worth, Texas  76110-0509
(817) 870-1694 Telephone
(817) 870-1181 Facsimile
swilcox@wilcoxlaw.net

ATTORNEYS PORTFOLIO RECOVERY ASSOCIATES, LLC, SUCCESSOR IN INTEREST TO CAPITAL ONE, NA ("PRA"), BY PRA RECEIVABLES MANAGEMENT, LLC

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was served by **FIRST CLASS MAIL, POSTAGE PREPAID** on:

| | |
|---|---|
| Mark Thuesen<br>P.O. Box 540365<br>Houston, TX  77254 | William Heitkamp<br>9821 Katy Freeway, Ste. 590<br>Houston, TX  77024 |
| on December 12, 2014. | /s/ **Stephen G. Wilcox**<br>Stephen G. Wilcox,<br>Clare Russell |

8282/00113/380546