IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | Case No. 13-37041 |
| Mark Thuesen, ) | |
| ) | Chapter 13 |
| ) | |
| Debtor. ) | |

## RESPONSE OF STATE FARM BANK TO DEBTOR'S OBJECTION TO CLAIM NUMBER 6

State Farm Bank (State Farm), by and through its undersigned counsel, hereby responds to the Debtor's Objection to Claim Number 6 and, in support thereof, avers as follows:

1. On November 13, 2013, Mark Thuesen (Debtor) filed a voluntary petition under Chapter 13, Title 11 of the United States Code and relief was ordered thereon.

2. On February 24, 2014, State Farm timely filed a general unsecured claim in the amount of $11,394.53 for the unpaid pre-petition charges incurred on Debtor's credit card account number ending in 2870. The claim is designated as Claim Number 6 (Claim 6) on the Court's Claims Register.

3. The Debtor lists an *undisputed* debt owed to "State Farm Bank" on his signed and sworn Schedule F, for account number ending 2870 and in the amount of $11,300.00.

4. On November 10, 2014, the Debtor filed an Objection to Claim 6 alleging that the claim was filed with insufficient supporting documentation, including proof of State Farm's ownership of the account, and alleging that the claim fails to comply with Fed. R. Bankr. 3001. The Debtor requests that the claim be disallowed and also includes a request for sanctions under Fed. R. Bankr. P. 9011.

**ARGUMENT**

**I.   The Proof of Claim complies with Bankruptcy Rule 3001.**

5.   Effective December 1, 2012, Fed. R. Bankr. P. 3001(c) was amended to address the requirement of claim documentation.  Fed. R. Bankr. P. 3001(c)(1) provides: "Except for a claim governed by paragraph (3) of this subdivision, when a claim or an interest in property of the debtor securing the claim, is based on a writing, a copy of the writing shall be filed with the proof of claim." (emphasis added).

6.   Fed. R. Bankr. P. 3001(c)(3) refers to claims based on open-end or revolving consumer credit agreements, such as Claim 6.  Fed. R. Bankr. P. 3001(c)(3) requires 5 elements for a claim, based on an open-end or revolving consumer credit agreement, to establish its *prima facie* validity: 1) the name of the entity from whom the creditor purchased the account; 2) the name of the entity to whom the debt was owed at the time of an account holder's last transaction on the account; 3) the date of an account holder's last transaction; 4) the date of the last payment on the account: and  5) the date on which the account was charged to profit and loss.  Fed. R. Bankr. P. 3001(c)(3)(A); *see* Fed. R. Bankr. P. 3001(f). Therefore, any documentation previously required is no longer necessary to attach to this type of claim.

7.   Claim 6 was filed with a transaction history for the account, an account summary and a true and correct copy of the Debtor's final pre-petition account statement, in support of the Claim.  The account summary reflects:

- the Debtor's name and address,
- the Debtor's redacted social security number,
- the redacted account number,
- the creditor information,
- the date the account was opened,

- the charge-off date,
- the last payment date,
- the last transaction date,
- and the balance due at the time of the Debtor's bankruptcy filing.

The transaction history reflects the Debtor's name, redacted account number and a history of the debits and credits made to the account from the time the account was opened to the Debtor's petition date. The account statement reflects the Debtor's name, address, redacted account number, account activity for the specified period and final account activity used to determine the pre-petition balance due on the account.

8. Claim 6 was filed by the creditor, State Farm. The account has not been sold, nor assigned.

## II.   State Farm's claim commands *prima facie* evidentiary validity.

9. A claim that is properly executed and filed is given *prima facie* validity. Fed. R. Bankr. P. 3001(f). If the objecting party provides **substantial** evidence, he will succeed in overcoming the *prima facie* effect of 3001(f). Only after overcoming the *prima facie* effect of the Proof of Claim does the burden of going forward shift to the Claimant to prove the validity of their claims by a preponderance of the evidence. *Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3rd Cir. 1992).

10. Even a proof of claim devoid of supporting documentation establishes a *prima facie* case if a debtor admits the debt by listing it in his schedules. *In re Jorczak*, 314 B.R. 474, 483 (Bankr. D. Conn. 2004). By such assertion of its claim, coupled with admission by the debtor, the Claimant successfully bears its burden of production.

> However … the Presumption [of *prima facie* validity] is not the only way for a claimant to establish at least a *prima facie* case in respect of a proof of claim.… [T]he court concludes that Proof of Claim No. 2, when considered together with

>the relevant admission in the Schedules, establishes at least a *prima facie* case of Mr. Jorczak's liability on the claim.

*Id.* at 482-83, *cited in In re Kincaid*, 388 B.R. 610, 617 (Bankr. E.D. Pa. 2008).

11. Even a claim that is not sufficient to achieve *prima facie* validity is still some evidence of the debt. *See In re Mazzoni*, 318 B.R. 576, 578-79 (Bankr. D. Kan. 2004) ("If a claim does not have prima facie validity, the claimant still satisfies its initial burden of proving the existence and amount of the claim with the presentation of the proof of claim, which is signed under penalty of up to $500,000 or up to five years in prison.")

12. The Debtor has failed to overcome the *prima facie* validity of Claim 6.

### III. A valid claim must be allowed if not within the exceptions of 11 U.S.C. § 502(b).

13. Pursuant to 11 U.S.C. § 502, a proof of claim is deemed allowed unless a party in interest objects. A claim may be disallowed only after objection, after notice and hearing, and only if it is excepted by statute. 11 U.S.C. § 502(b). The court "shall allow such claim" in the court's determinate amount unless it finds one or more of nine statutory exceptions. *In re Taylor*, 289 B.R. 379, 384 (Bankr. N.D. Ind. 2003). *In re Shaffner*, 320 B.R. 870, 876 (Bankr. W.D. Mich. 2005).

14. In *Dove-Nation*, *supra,* the United States Bankruptcy Appellate Panel for the Eighth Circuit upheld the lower court's denial of similar claim objections on the grounds that the objections did not cite a basis under Section 502 for disallowance of the claims.

>The Bankruptcy Code could not be more clear: a claim, proof of which is filed, shall be allowed unless it falls within one of the exceptions set forth in *Section 502(b)*. The Claimant filed proofs of claims and the Debtor failed to allege much less present any evidence that the claims fell within one of the exceptions. Consequently, the claims were properly allowed.

318 B.R. at 153; *see also Travelers Cas. & Sur. Co. of Am. V. Pac. Gas & Elec. Co.*, 549 U.S. 443, 449 (2007) (opining that a claim, upon objection thereto, shall be allowed unless it "implicates any of the nine exceptions enumerated in *§ 502(b)*"); *Pursley v. eCAST Settlement*

*Corp.* (*In re Pursley*), 451 B.R. 213, 226 (Bankr. M.D. Ga. 2011) ("The majority holds that § 502(b) provides the exclusive grounds for disallowance of claims."); *In re Moreno*, 341 B.R. 813 (Bankr. S.D. Fla. 2006) (Objections based solely on insufficient documentation must be overruled because they do not satisfy the grounds enumerated in 11 U.S.C. § 502(b) for disallowance.).

15. The Debtor's Objection to Claim 6 fails to show a basis for exception under the provisions of 11 U.S.C. § 502(b)(1)-(9). Given the Debtor's bankruptcy schedules, it appears the Debtor is not actually disputing the existence or validity of the debt and appears to be merely contesting the amount of documentation attached to the claim.

### IV. The effect of the Debtor's scheduling of the debt.

16. The Debtor's listing of the creditor as an unsecured claimant, standing alone, constitutes a judicial admission that he does in fact owe a debt to the entity. *See Morgan v. Musgrove*, 187 B.R. 808, 812-813 (Bankr. N.D. Ga.1995); *also In re Standfield*, 152 B.R. 528, 531 (Bankr. N.D. Ill.1993) (verified schedules and statements may give rise to evidentiary admissions) (citations omitted); *see also In re Gervich*, 570 F. 2d. 247, 253 (8th Cir. 1978) (scheduled may create judicial admission of debt's existence); *In re Bohrer*, 266 B.R. 200, 201 (Bankr. N.D. Ca. 2001) citing *Gervich,* 570 F.2d. at 253 (statements in bankruptcy schedules are executed under penalty of perjury and when offered against a debtor are eligible for treatment as judicial admissions); *In re Leonard*, 151 B.R. 639, 643 (Bankr. N.D.N.Y. 1992) (finding that debtor's schedule entry created admission of debt); *Larson v. Groos Bank, N.A.,* 204 B.R. 500, 502 (Bankr. W.D. Tex. 1996) (debtor's statement on bankruptcy schedules that he had no contingent and unliquidated claims was a judicial admission).

17. Under Fed. R. Evid. 801(d)(2), an admission by a party opponent is admissible as a non-hearsay statement. Fed. R. Evid. 801 defines a statement as an "oral or written assertion."

"The Debtor cannot argue in good faith that the inclusion of the debt in the schedules was not an assertion; therefore, at the time the Debtor filed the objection, the only evidence provided by the Debtor was his sworn statement that the debt was owed." *In re Cluff,* 313 B.R. 340 (Bankr. D. Utah 2004) *aff'd sub nom.*, *Cluff v. eCAST Settlement Corp.*, No. 2:04-CV-978-TS, 2006 U.S. Dist. LEXIS 71904 (D. Utah Sept. 29, 2006). "The Debtors' acknowledgement of the debts in their original schedules coupled with the Debtors' failure to come forward with some evidence which would challenge the proofs of claim lead this Court to question their good faith intentions." *Id.* at 342. *See also In re Burkett* 329 B.R. 820, 829 (Bankr. S.D. Ohio 2005) (finding that "a claim that correlates to a debt scheduled by the debtor may require no supporting documentation at all. The proof of claim alone may be sufficient to establish its *prima facie* validity. Absent any factual dispute or basis in statute, a debtor or trustee is without basis for objection to such a claim.")

18. Further, the court in *In re Jorczak,* 314 B.R. 474 (Bankr. D. Conn. 2004) held that even a proof of claim lacking sufficient documentation may nevertheless become *prima facie* evidence of a claim when considered in conjunction with the Debtor's schedules. *See also Cluff,* 313 B.R. at 339-40 (finding that listing a debt in one's statements and schedules, which have been executed under penalty of perjury, constitutes a party-opponent admission under Federal Rule of Evidence 801(d)(2) and must be rebutted with probative evidence that the listed claims are not actually owed).

### V. An award of attorney's fees and sanctions is unwarranted.

19. Debtor's request for an award of fees, and request for sanctions under Fed. R. Bankr. P. 9011, are unwarranted. The Proof of Claim is filed in accordance with the Bankruptcy Code and Rules. Debtor's Objection is unfounded and his request for sanctions is inappropriately included within the objection to a Proof of Claim.

**CONCLUSION**

20. It is well accepted that the bankruptcy court is guided by the principles of equity, and that the court will act to assure that "fraud will not prevail, that substance will not give way to form, that technical considerations will not prevent substantial justice from being done." *Pepper v. Litton*, 308 U.S. 295, 305 (1939).

21. State Farm has complied with the Rules of Bankruptcy Procedure in the filing of its claim and believes the claim is *prima facie* valid as filed. The Debtor, however, has raised no substantive dispute, in good faith, with the debt. Accordingly, disallowance of Claim 6, under the circumstances as outlined above, is not supported by the law and rules of bankruptcy, nor by the equities of the case.

**WHEREFORE**, State Farm Bank respectfully requests that the Debtor's Objection to Claim Number 6 be overruled, the claim be allowed as filed, and any request for sanctions and/or attorney's fees and costs to be paid by the creditor be denied.

Respectfully submitted,

DATED:_____     BY:     /s/ Sidney H. Scheinberg_____
Sidney H. Scheinberg, TX Bar Number 07393525
Godwin Lewis, P.C.
Granite Two Park
5700 Granite Parkway, Suite 450
Plano, TX  75024
Telephone:  (214) 939-4501
Facsimile:   (214) 527-3116
Local Counsel for State Farm Bank

## CERTIFICATE OF SERVICE

      I certify that a true and correct copy of the foregoing Response of State Farm Bank to Debtor's Objection to Claim Number 6 has been forwarded by U.S. Mail, first class postage prepaid and/or by electronic mail on the same day electronically filed with the Court to the following parties:

**DEBTOR, PRO SE:**
Mark Thuesen
1610 Mossy Stone
Houston, TX  77077

| **TRUSTEE:** | **U.S. TRUSTEE:** |
|---|---|
| William E. Heitkamp | Office of the U.S. Trustee |
| Chapter 13 Trustee | 515 Rusk Ave. |
| 9821 Katy Freeway, Suite 590 | Suite 3516 |
| Houston, TX  77024 | Houston, TX 77002 |

                BY:    /s/ Sidney H. Scheinberg