IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: MARK THUESEN, | § | |
|     Debtor | § | |
| | § | |
| ADAM KLIEBERT and | § | |
| THE ROBINHOOD GROUP, LLC | § | |
| d/b/a HUDSON LOUNGE, | § | |
|     Movants | § | Chapter 13 Case No. 13-37041-H5-13 |
| | § | |
| v. | § | |
| | § | |
| MARK THUESEN, | § | |
|     Respondent | § | |

**ADAM KLIEBERT AND THE ROBINHOOD GROUP, LLC D/B/A HUDSON LOUNGE'S
MOTION FOR RELIEF FROM AUTOMATIC STAY TO PROSECUTE
PENDING STATE COURT LAWSUIT**

THIS IS A MOTION FOR RELIEF FROM AUTOMATIC STAY.  IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS.  IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE.  IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING.  IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

THERE WILL BE A HEARING ON THIS MATTER ON **JULY 1, 2015 AT 9:00 A.M.** IN COURTROOM 403, 515 RUSK, HOUSTON, TEXAS 77002.

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW, Adam Kliebert and The Robinhood Group, LLC d/b/a Hudson Lounge (collectively "Hudson Lounge"), creditors of Mark Thuesen ("Thuesen"), the debtor in the above-numbered chapter 13 bankruptcy case, and files this motion under FED. R. BKRTCY P. 4001(a)(1) to modify the automatic stay under 11 U.S.C. § 362(a) to allow Hudson Lounge to proceed with its state court lawsuit in which Thuesen is named as one of several defendants.

## JURISDICTION

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 1334 and 157(b)(2)(G). This motion is brought under section 362(d)(1) of the Bankruptcy Code, Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure, and Rule 4001 of this Court's Rules. This motion is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

## BACKGROUND

2. Hudson Lounge has claims against Thuesen that are currently the basis of a state court lawsuit, Cause No. 2011-09634, *Hudson Lounge and Adam Kliebert v. 2520 Robinhood at Kirby Condominium Association, Inc., Creative Management Co., Inc. and Mark Thuesen*, in the 334th Judicial District Court, Harris County, Texas ("the state court lawsuit"). A copy of movant's most recent pleading is attached to this motion as Exhibit A.

3. Thuesen is a named defendant in the state court lawsuit along with the condominium association for which he served as president, 2520 Robinhood at Kirby Condominium Association, Inc., and the management company for the association,

Creative Management Co., Inc. Thuesen has also asserted counterclaims against Hudson Lounge in the state court lawsuit. On May 1, 2015, the presiding judge in the state court lawsuit denied Hudson Lounge's motion to sever its claims against Thuesen from the claims against Thuesen's co-defendants. Due to the automatic stay, Hudson Lounge is unable to amend its pleadings, conduct discovery, or prepare the state court lawsuit for trial.

## RELIEF REQUESTED

4. Hudson Lounge requests that the Court modify the automatic stay to allow Hudson Lounge to prosecute the state court lawsuit and liquidate its claims against Thuesen. The cause for such relief under 28 U.S.C. § 362(d)(1) is as follows:

   a. Hudson Lounge seeks only to liquidate its claims against Thuesen and will not take any collection action against property in Thuesen's chapter 13 estate without prior authorization from this Court;

   b. Hudson Lounge's claims must be liquidated and the state court is the proper forum to liquidate these claims under 28 U.S.C. § 1334(c)(2);

   c. If Hudson Lounge settles or otherwise resolves its claims against Thuesen's co-defendants in the state court lawsuit, such resolution is likely to reduce the amount of Hudson Lounge's claims against Thuesen;

   d. The relief requested increases the likelihood of settlement between Hudson Lounge and Thuesen's co-defendants, which is in the interest of justice and judicial economy;

   e. The relief requested does not prejudice Thuesen because he is defended by insurance defense counsel in the state court lawsuit, at no cost to the chapter 13 estate;

   f. The relief requested will allow Thuesen to pursue his counterclaims against Hudson Lounge; and

      g. Because the Court has already approved Thuesen's bankruptcy plan, Hudson Lounge's claims against Thuesen may be discharged in their entirety upon completion of the plan.

## CERTIFICATE OF CONFERENCE

5. Undersigned counsel conferred with counsel for the following parties-in-interest regarding this motion, and their position is as follows:

      a. Undersigned counsel attempted to confer with counsel for Thuesen's co-defendant in the state court lawsuit, 2520 Robinhood at Kirby Condominium Association, Inc., but did not receive a return email or call. Therefore, undersigned counsel assumes that 2520 Robinhood at Kirby Condominium Association, Inc. opposes this motion.

      b. Undersigned counsel attempted to confer with counsel for Thuesen's co-defendant in the state court lawsuit, Creative Management Company, Inc., but did not receive a return email or call. Therefore, undersigned counsel assumes that Creative Management Company, Inc. opposes this motion.

      c. Undersigned counsel attempted to confer with counsel for the Debtor, but did not receive a return email or call. Therefore, undersigned counsel assumes that the Debtor opposes this motion.

      d. The chapter 13 trustee does not oppose this motion.

## PRAYER

6. For the above reasons, Hudson Lounge requests that the Court modify the automatic stay under section 362(a) fo the Bankruptcy Code to allow Hudson Lounge and the other parties in the state court lawsuit to prosecute or settle their claims and defenses under the conditions set forth above, and for such other and further relief as determined by the Court.

Respectfully submitted,

**MATÍAS J. ADROGUÉ**
PROFESSIONAL LIMITED LIABILITY COMPANY

By:   /s/ Matías J. Adrogué
   **Matías J. Adrogué**
   Attorney-in-Charge
   Tex. State Bar No. 24012192
   S.D. Tex. Adm. ID 30647
   mja@mjalawyer.com
   **Robert Stephan Kaase**
   Of counsel
   Tex. State Bar No. 24083287
   S.D. Tex. Adm. ID 2245902
   rsk@mjalawyer.com
   1629 West Alabama St.
   Houston, Texas 77006
   713-425-7270 *Telephone*
   713-425-7271 *Facsimile*
   **ATTORNEYS FOR MOVANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of June, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the debtor, as well as to creditors and parties-in-interest requesting notice via the Court's ECF system, and via electronic transmission or first class mail to the debtor, counsel for all parties in the state court lawsuit, the U.S. Trustee, the Chapter 13 Trustee and any other party-in-interest that is entitled to receive notice of this motion under FED. R. BKRTCY P. 4001 and Local Rule 4001.

 /s/ Matías J. Adrogué
Matías J. Adrogué